UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

YADIRA DOMINGUEZ,
      Plaintiff,

vs.

ALEJANDRO MAJORKAS,
as Secretary, U.S. Department of
Homeland Security, Citizens
and Immigration Services,
      Defendant.

**COMPLAINT**

_____/

    Plaintiff, Yadira Dominguez, by her undersigned counsel, and pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, ("Title VII"), as well as the anti-retaliation provision thereto, 42 U.S.C. Section 2000e-3, hereby files this Complaint against the Defendant, Alejandro Mayorkas, as Secretary, United States Department of Homeland Security, Citizens and Immigration Services, and in support hereof, the Plaintiff states as follows:

## I.
## INTRODUCTION

1. Plaintiff brings this case before the district court, as a federal employee, based upon the prior filing of two prior administrative complaints of employment discrimination, as designated by: (a) Agency Case No. HS-CIS-00673-2019; and EEOC Case No. 510-2020-00037X ["first case," also known as the initial Equal Employment Opportunity ("EEO") Complaint]; and (b) Agency Case No. 510-2020-00221X and EEOC Case No.

1

HIS-CIS-00046-2020 ["second case,"] also known as the second Equal Employment Opportunity ("EEO") Complaint].

2. With regard to the first administrative case, the first EEO Complaint, Plaintiff has alleged disparate treatment, based on her gender, and with regard to the second administrative case, the second EEO Complaint, Plaintiff has alleged a claim of reprisal, or retaliation, as well as unlawful disparate treatment, based on both gender and national origin discrimination.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action, pursuant to 42 U.S.C. Section 2000e-5(f), and 28 U.S.C Section 1345.

4. Venue is proper in this judicial district, under 42 U.S.C. Section 2000e-5(f)(3), and 28 U.S.C. Section 1391 (b), because it is where a substantial part of the events, or omissions, giving rise to the causes of action, herein, occurred.

5. The Plaintiff brings this action for unlawful discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2 (a), as well as for a claim of unlawful retaliation, under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-(3).

6. Plaintiff, Yadira Dominguez ("DOMINGUEZ"), at all material times herein, was employed by the United States Department of Homeland Security, Citizens and Citizens' Immigration Servies ("CIS"), as an Immigration Officer, stationed at the CIS Office, located in Miami, Miami Dade County, Florida.

7. Defendant, Alejandro Mayorkas, as the Secretary, of the United States Department of Homeland Security, Citizens' and Immigration Services ("Agency"), is the legal Agency head, and as such, in this role, he is responsible for the applicable personnel policies and practices, as pronounced and implemented, with respect to Agency employees for Citizens and Immigration Services, including the Plaintiff, herein.

8. The Agency is an "employer," within the meaning of 42 U.S.C. Section 2000e(b).

9. Plaintiff is within the purview of the applicable statute, and therefore, she is subject to its protections; and hence, she is entitled to the substantive legal protections of Title VII, as amended, 42 U.S.C. Section 2000e, *et seq*.

10. On January 29, 2019, Plaintiff initiated contact with an Equal Employment Opportunity ("EEO") counselor; and on April 26, 2019, Plaintiff filed the initial formal complaint of discrimination ("EEO Complaint") in this matter, designated by Agency Case No. HS-CIS-00673-2019; and EEOC Case No. 510-2020-00037X.

11. On September 21, 2021, an Administrative Judge of the Equal Employment Opportunity Commission issued a Recommended Decision on the EEO Complaint, without a hearing, in favor of the Agency, with regard to Agency Case No. HS-CIS-00673-2019; and EEOC Case No. 510-2020-00037X.

12. On November 4, 2021, the Agency adopted the Recommended Decision of the EEOC Administrative Judge, with regard to the initial EEO Complaint in this case, designated by Agency Case No. HS-CIS-00673-2019; and EEOC Case No. 510-2020-00037X. [A

copy of the Final Agency Decision, is attached hereto, as **EXHIBIT A**], providing the Plaintiff with ninety days, to file suit in federal district court.

13. Furthermore, the Complainant sought EEOC counseling, in the second EEO case, designated by Agency Case No. 510-2020-00221X and EEOC Case No. HIS-CIS-00046-2020 ("EEO Complaint"), and she filed a formal Complaint, in the second EEO case, on November 19, 2019.

14. On January 11, 2022, the EEOC Administrative Judge entered her Recommended Order, entering a recommended decision in favor of the Agency, and although the Complaint cannot take direct action, with regard to this Recommended Order, over one hundred and eighty days (180) have now elapsed, since the filing of the second formal EEO Complaint, as, designated by Agency Case No. 510-2020-00221X and EEOC Case No. HIS-CIS-00046-2020, and hence, Plaintiff may now properly seek relief on this second EEO Complaint, by filing this action in the federal district court.

15. All required conditions precedent, have now been satisfied, and hence, the Plaintiff may properly bring this action in federal district court, with regard to the first EEO Complaint, designated by Agency Case No. HS-CIS-00673-2019; and EEOC Case No. 510-2020-00037X; and with regard to the second EEO Complaint, designated by Agency Case No. 510-2020-00221X and EEOC Case No. HIS-CIS-00046-2020.

### III.
### FACTUAL ALLEGATIONS

16. DOMINGUEZ s a Hispanic female over the age of forty (40), she has consistently been a high performer in her position, as an Agency Fraud Detection and National Security

4

Officer; and as a result of her superior work record, she was selected by Agency management, to work on complex criminal investigations, with the Office of Homeland Security Investigations.

17. Plaintiff's gender was the motivating factor, for the initiation of acts of gender harassment against her, by supervisory personnel, namely, Responsible Management Officials ("RMO's") Robert Kennedy and Carlton Ayoung, principally expressed by the RMO's order for Agency personnel to make an authorized visit to DOMINGUEZ's personal residence on December 3, 2018.

18. Plaintiff contends that she was treated in an unlawful disparate manner on the basis of her gender, because the RMO's, openly resented her, because of her independence, as an Agency Fraud Detection and National Security Officer; and they sought to damage DOMINGUEZ's professional and personal reputations, by directing three unarmed, non-law enforcement employees, to visit to DOMINGUEZ's home, on December 3, 2018.

19. The alleged threat against DOMINGUEZ, was never communicated to the Agency's Special Agent in Charge, pursuant to normal and established Agency procedures.

20. The RMO's falsely tried to justify the unauthorized home visit, at Plaintiff's residence, by contending that there was an alleged organized crime threat, against her, however, this asserted explanation, is patently false and pretextual, based upon the admitted facts that this action was not discussed with the Special Agent in Charge, nor were armed law enforcement officers dispatched to the Plaintiff's residence.

21. Following the unauthorized home visit, which was a product of gender discrimination, Plaintiff maintains that she was subjected to predicate acts of retaliation, as well as national origin and gender discrimination, following the filing of the second EEO Complaint, namely:

    (a) On September 23, 2019, Plaintiff's eligibility for telework was reduced, without any business justification and or reason;

    (b) On October 2, 2019 and again on November 11, 2019, Plaintiff was compelled to attend meetings telephonically, without any business justification and or reason;

    (c) On October 4, 2019, the Agency prohibited the Plaintiff from using the Employee Assistance Program ("EAP"), during normal working hours;

    (d) On October 2, 2019, Plaintiff was required to log in to her computer, without actually signing in;

    (e) On several dates, during the continuum of these repeated personnel actions, Agency management continuously disparaged Plaintiff's job performance;

    (f) On December 20, 2019, Plaintiff's leave request was denied and she was charged with being Absent without Leave ("AWOL"); in the absence of a business reason or justification;

    (g) On February 14, 2020, Agency management informed the Plaintiff that she would be charged with AWOL, for her February 5, 2020 absence, in the absence of a business reason or justification; and

(h) On February 20, 2020, Agency management issued a formal written reprimand to the Plaintiff, for allegedly being AWOL, without a business reason or justification.

(i) On June 26, 2020, RMO Kennedy sought to inquire as to the reason for attending Employee Assistance Program sessions, in order to approve her annual leave request;

(j) From June 30, 2020 to October 29, 2020, Plaintiff received harsh treatment, with respect to her request for a flexible schedule, due to COVID, as a single parent, and although she submitted emergency sick leave to care for her children; and on August

(k) August 12, August 19 and August 26, 2020, Plaintiff requested Leave Without Pay, in order to care for her children, pending the outcome of the COVID Flexibilities Request, but that request was denied;

(k) On July 1, 2020, RMO Kennedy unjustifiably accused the Plaintiff of failing to follow supervisory instruction by not completing a task, and contrary to Kennedy's position, Plaintiff did work the requisite number of hours for her certification;

(l) From July 29, 2020 to August 12, 2020, RMO Kennedy failed tom inform the Plaintiff, that there was no work for her to pick up;

(m) On July 23, 2020, RMO Kennedy returned the Plaintiff's work product and claimed that her work lacked the require analysis;

(n) On August 3, 2020, RMO Kennedy returned her work product;

(o) On August 24, 2020, the Plaintiff was denied emergency sick leave;

(p) On August 25, 2020, the Plaintiff was denied sick leave, without certification of evidence from urgent care and or an emergency room;

22. Defendant cannot assert any plausible business justifications, or *bona fide* neutral reasons, with regard to the allegations, as contained within Plaintiff's first EEO complaint, as well as the allegations, as contained in her second EEO Complaint; and hence, the *prima facie* cases in both EEO Complaints, remain unrebutted.

## COUNT I
### (VIOLATION OF TITLE VII—UNLAWFUL GENDER DISCRIMINATION)

23. Plaintiff restates and re-avers the allegations of Paragraphs 1—22 of the Complaint, as if fully set forth herein.

24. Plaintiff is a female employee of Hispanic origin, and she is fully qualified to perform the job duties, of an Immigration Officer, stationed at the CIS Office, located in Miami, Miami Dade County, Florida, specifically, Plaintiff has satisfactorily performed her assignments, as an Agency Fraud Detection and National Security Officer, for the Agency.

25. Plaintiff was singled out and discriminated against, on the basis of her gender, when under the direction and supervision of RMO's Robert Kennedy and Carlton Ayoub, Agency employees made an authorized and illegal visit to Plaintiff's residence; and Plaintiff was treated in an unlawful disparate manner, on the basis of her gender.

26. Plaintiff was singled out and discriminated and treated in an unlawful disparate manner, on the basis of her gender, when under the direction and supervision of RMO's Robert Kennedy and Carlton Ayoub, Agency employees made an authorized and illegal visit to Plaintiff's residence; and Plaintiff was treated in an unlawful disparate manner, on the basis of her gender, upon the orchestration of this home visit by the RMO's.

27. It is patently unlawful for the Agency to make personnel decisions on the basis of gender, and or to make gender-based personnel decisions and or classification, which is precisely the misconduct, which Agency management committed in this case, with respect to the job status of the Plaintiff.

28. As a direct and proximate result of the Defendant's workplace misconduct, management has committed unlawful gender discrimination, with regard to the Plaintiff.

29. As a direct and proximate result of the Defendant's workplace misconduct, Plaintiff has suffered emotional and mental anguish, as well as pecuniary losses.

30. Based upon the filing of this action, Plaintiff has retained the undersigned counsel, and as a result thereof, she has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, YADIRA DOMINGUEZ, respectfully requests that this Court enter judgment against the Defendant, ALEJANDRO MAYORKAS, as Secretary of the United States Department of Homeland Security; Citizens and Immigration Services, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, contrary to the law, and order the following additional relief:

A)  Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

B)  Award the Plaintiff her costs and a reasonable attorney's fee;

C)  Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## COUNT II
### (VIOLATION OF TITLE VII—UNLAWFUL RETALIATION)

31. Plaintiff restates and re-alleges the allegations of Paragraphs 1—22 of the Complaint, as if fully set forth herein.

32. Plaintiff engaged in lawful *protected activity*, when she informed Agency supervisory personnel that she was filing a second EEO Complaint, designated by Agency Case No. 510-2020-00221X and EEOC Case No. HIS-CIS-00046-2020.

33. As a direct result of the filing of the second EEO Complaint, Plaintiff was subjected to numerous predicate acts of retaliation, when taken together, as a whole, changes her status as an employee; and constitutes actionable adverse employment action(s), as previously set forth above, in Complaint, at Paragraphs 21 (a)—(p) above.

34. In retaliation for Plaintiff's *protected activity*, the filing of the initial EEO Complaint, designated Agency Case No. HS-CIS-00673-2019; and EEOC Case No. 510-2020-00037X, she has suffered an adverse employment action(s), as set forth above, in the Complaint, at Paragraphs 21 (a)—(p) above.

35. There was a causal connection between DOMINGUEZ's protected activity, the filing of the initial EEO Complaint, and the subsequent adverse actions, implemented by the Defendant, as set forth in Paragraph 21 (a)—(p) of the Complaint.

36. The retaliation endured by DOMINGUEZ, to which she was subjected to by Agency management and supervisory personnel, would clearly dissuade a reasonable employee in

10

her position, from making complaints of discrimination and or harassment in the workplace.

37. The Agency, acting through its authorized representatives, retaliated against DOMINQUEZ, for engaging in workplace *protected activity,* the filing of the initial EEO Complaint, in direct violation of Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3 (a).

38. Due to the repeated unlawful conduct of the Defendant, the Plaintiff has retained undersigned counsel, and the Plaintiff is obligated to pay reasonable attorney's fees and costs.

**WHEREFORE**, the Plaintiff, YADIRA DOMINGUEZ, respectfully requests that this Court enter judgment against the Defendant, ALEJANDRO MAYORKAS, as Secretary of the United States Department of Homeland Security, Citizens and Immigration Services, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-3(a), for engaging in predicate unlawful acts of retaliation, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as applicable, as well as compensatory damages;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper, and equitable.

## COUNT III
### (VIOLATION OF TITLE VII—UNLAWFUL NATIONAL ORIGIN DISCRIMINATION)

39. Plaintiff restates and re-avers the allegations of Paragraphs 1—22 of the Complaint, as if fully set forth herein.

40. Plaintiff is a female employee of Hispanic origin, and she is fully qualified to perform the job duties, of an Immigration Officer, stationed at the CIS Office, located in Miami, Miami Dade County, Florida, specifically, Plaintiff has satisfactorily performed her assignments, as an Agency Fraud Detection and National Security Officer, for the Agency.

41. Plaintiff was singled out and discriminated against, on the basis of her national origin, when Agency management engaged in acts of national origin discrimination, against the Plaintiff, as set forth in the Complaint, at Paragraphs 21 (a)—(p) above.

42. Plaintiff was singled out and discriminated and treated in an unlawful disparate manner, on the basis of her national origin, when she was treated in an unlawful disparate manner, as compared to similarly situated employees outside of her protected class, on the basis of her national origin, based on the predicate acts of employer generated misconduct, as set forth in the Complaint, at Paragraphs 21 (a)—(p) above.

43. It is patently unlawful for the Agency to make personnel decisions on the basis of national origin considerations, and or to make national origin-based personnel decisions and or classifications, harming Plaintiff's protected class, which is precisely the misconduct, which Agency management committed in this case, with respect to the job status of the Plaintiff.

44. As a direct and proximate result of the Defendant's workplace misconduct, perpetrated on the basis of Plaintiff's national origin, management has committed unlawful national origin discrimination, with regard to the Plaintiff.

45. As a direct and proximate result of the Defendant's workplace misconduct, Plaintiff has suffered emotional and mental anguish, as well as pecuniary losses.

46. Based upon the filing of this action, Plaintiff has retained the undersigned counsel, and as a result thereof, she has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, YADIRA DOMINGUEZ, respectfully requests that this Court enter judgment against the Defendant, ALEJANDRO MAYORKAS, as Secretary of the United States Department of Homeland Security; Citizens and Immigration Services, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, contrary to the law, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

B) Award the Plaintiff her costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## COUNT IV
### (VIOLATION OF TITLE VII—UNLAWFUL GENDER DISCRIMINATION)

47. Plaintiff restates and re-avers the allegations of Paragraphs 1—23 of the Complaint, as if fully set forth herein.

48. Plaintiff is a female employee of Hispanic origin, and she is fully qualified to perform the job duties, of an Immigration Officer, stationed at the CIS Office, located in Miami, Miami Dade County, Florida, specifically, the Plaintiff has satisfactorily performed her assignments, as an Agency Fraud Detection and National Security Officer, for the Agency.

49. Plaintiff was singled out and discriminated against on the basis of her gender, when Agency management engaged in acts of gender discrimination, against the Plaintiff, as set forth in the Complaint, at Paragraphs 21 (a)—(p) above.

50. Plaintiff was singled out and discriminated and treated in an unlawful disparate manner, as compared to similarly situated employees outside of her protected class, on the basis of her gender, when she was treated in an unlawful disparate manner, on the basis of her gender, based on the predicate acts of disparate treatment, based on gender, as set forth in the Complaint, at Paragraphs 21 (a)—(p) above.

51. It is patently unlawful for the Agency to make personnel decisions on the basis of gender considerations, and or to make national origin-based personnel decisions, and or classifications, thereby harming Plaintiff, as a member of a protected class, which is precisely the employer misconduct, which Agency management committed in this case,

52. As a direct and proximate result of the Defendant's workplace misconduct, perpetrated on the basis of Plaintiff's gender, management has committed unlawful gender discrimination, with regard to the Plaintiff.

53. As a direct and proximate result of the Defendant's workplace misconduct, Plaintiff has suffered emotional and mental anguish, as well as pecuniary losses.

54. Based upon the filing of this action, Plaintiff has retained the undersigned counsel, and as a result thereof, she has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, YADIRA DOMINGUEZ, respectfully requests that this Court enter judgment against the Defendant, ALEJANDRO MAYORKAS, as Secretary of the United States Department of Homeland Security; Citizens and Immigration Services, and find that the Defendant indeed violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, contrary to the law, and order the following additional relief:

    A) Award the Plaintiff actual damages, including appropriate amounts of front pay, back pay, as applicable, as well as compensatory damages;

    E) Award the Plaintiff her costs and a reasonable attorney's fee;

    F) Enjoin the Defendant from continuing its discriminatory practices; and

    G) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## Demand for Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-Mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

Dated on this 21st day of January, 2022.